

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,682-01

### EX PARTE ARTHUR JEROME NORTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2011-03-11,792-CR IN THE 38TH DISTRICT COURT FROM UVALDE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered a plea of "no contest" to assault with family violence in exchange for two years' community supervision. His community supervision was later revoked, and he was sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because counsel did not investigate, contact favorable witnesses, obtain a statement from the complainant, seek pre-trial discovery, or explain the nature and consequences of the plea to Applicant. Applicant alleges that the conditions of his community supervision were never explained to him, and that he was never advised that he would be ineligible for mandatory supervision if his community supervision were revoked in this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with all documents pertaining to Applicant's community supervision, including the conditions of community supervision, any modifications or amended conditions imposed, any motion(s) to revoke, any plea documents pertaining to the revocation, and the judgment revoking community supervision. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish